Case 4:24-cv-00475   Document 20   Filed on 10/17/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Wayman Prince, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-24-475 |
| | § | |
| Jeffrey Jaworowski, et al., | § | |
|    *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Plaintiff's Motion for Default Judgment, ECF No. 17. This case has been referred to the undersigned magistrate judge for all pretrial purposes. ECF No. 13. The court recommends that the Motion for Default Judgment be **DENIED**.

Default judgments under Federal Rule of Civil Procedure 55 are a drastic remedy and are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). Because Plaintiff has not shown that Defendants have been properly served with notice of this lawsuit and with notice of the motion for default judgment, default judgment is not procedurally proper and must be denied.

Under Federal Rule of Civil Procedure 4(e), service on an individual in the United States may be accomplished either by following the rules of the state in which the federal court sits; or by delivering the summons and complaint to the defendant

personally, leaving copies at the defendant's place of abode, or delivering copies to the person's authorized agent. Under Texas law, an individual may be served by delivering the citation and complaint to the defendant in person, or by mailing the citation and complaint to the defendant by registered or certified mail. Tex. R. Civ. P. 106. Texas law allows other methods of service on an individual only with leave of court upon motion. *Id.* Under Southern District of Texas Local Rule 5.5, "Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."

Although the title of the motion for default judgment and its first paragraph purport to seek default judgment against all named Defendants, the only Defendants Plaintiff claims to have served are Jeffrey Jaworowski, Our City Homes, and Wade Taylor. ECF No. 17 at 2. As proof of service, Plaintiff attached to his motion two documents titled "Amended Affidavit of *Attempted* Service." ECF No. 17-8 at 2, 6 (emphasis added). Both documents explain that service on Our City Homes at 330 N. Wabash Ave., Chicago, Ill., was unsuccessful. *Id.* The affidavits explain that the process server went to the front desk at the N. Wabash address and was told that there was no company by that name there. The affidavits note that the building has both a business and a hotel, and that the hotel also had no information about Our City Homes. Our City Homes has not been served.

Both affidavits are puzzling in that they state that the building management "confirmed they did not have [unidentified] individual listed as a previous guest," but then both affidavits go on to state that Jaworowski and Taylor had been previously served in their personal capacities by certified mail. 17-8 at 2, 6. The affidavit referring specifically to Jaworowski states that "the Lawsuit was picked up by Jaworowski . . . as confirmed by UPS [not USPS] tracking number . . . ." ECF No. 17-8 at 2. That affidavit

2

goes on to state that "the package was picked up at the Chicago post office by the Defendant," and that an email was sent to the Defendant at his last known email address. *Id.* The affidavit pertaining to Taylor says that he "was served via CMRRR No. [number listed], confirmed by USPS tracking." ECF No. 17-8 at 6.

Attached to each of the affidavits is a website printout from the USPS system purporting to show that Jaworowski and Taylor were served. *Id.* at 4–5, 8–9. The printouts say nothing more than that an unknown individual picked up packages at a United States Postal Facility in Chicago. It does not say who picked them up. Both packages were picked up within three minutes of each other, so it seems likely that the packages were retrieved as part of a general mail pickup, not that they were personally delivered to the individual defendants. Other than the process server's vague and confusing statements about service by certified mail, there is no evidence that Jaworowski or Taylor actually received notice of the lawsuit. It is not clear that either individual resides or works at the N. Wabash location, such that sending notice there would be reasonably calculated to give them notice of the lawsuit. In fact, the statements in the server's affidavit seem to support the opposite conclusion. Conspicuously missing from the record are the signed "green cards" that normally are filed when a person is served by certified mail, return receipt requested.

On this record, the court does not find the evidence sufficient to show that any Defendant has been properly served with process. Moreover, it does not appear that the motion for default judgment has been served at all, let alone by certified mail, return receipt requested. The Certificate of Service, ECF No. 17-10, signed by Plaintiff, states that the documents contained in the motion "will be served at the last known address of" the Defendants, which is not even stated in the certificate.

Because entry of default judgment would be procedurally improper, the court recommends that the Motion for Default Judgment be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 17, 2024.

_____
Peter Bray
United States Magistrate Judge